UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATHENS LAWSON,

        Plaintiff,                      No. 19-13175

v.                                   District Judge Stephanie Dawkins Davis
                                        Magistrate Judge R. Steven Whalen

UNITED STATES STEEL CORP.,

        Defendant.
_____/

## CORRECTED OPINION AND ORDER

This is an employment discrimination case. On October 29, 2018, Plaintiff filed a civil complaint alleging racial and religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. Before the Court is Defendant's Motion to Dismiss for Failure to Prosecute or, in the Alternative, to Compel Production of Discovery [ECF No. 16]. For the reasons and under the terms discussed below and stated on the record on January 4, 2021, the Defendant's motion for alternative relief in the form of an order compelling discovery is GRANTED.[1]

---

[1] Defendant asks for two forms of alternative relief–dismissal under Rule 41 or compelling discovery under Rule 37. Were I were to opt for dismissal, the relief would be dispositive and I would have to proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). However, since I am instead granting the alternative relief requested, I am proceeding by a non-dispositive order under § 636(b)(1)(A). In addition, and as a general rule, the Sixth Circuit has held that "[i]n determining whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation." *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-515 (6th Cir. 2001). Here, a "functional analysis" requires an evaluation of whether the Court's ultimate order would result in a dispositive or non-dispositive outcome. *See Haaf v. Flagler Const. Equip., LLC*, 2011 WL 3903127, at *1 (S.D. Fla. Sept. 6, 2011) ("In determining between dispositive and non-dispositive discovery sanctions, the critical factor is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions") (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 33 1511, 1519–20 (10th

## I. BACKGROUND

On February 21, 2020, Defendant served on Plaintiff's counsel its First Request for Production of Documents and Interrogatories, as well as a Notice of Taking Deposition of Plaintiff. When responses to the discovery requests were not timely produced, counsel for the parties engaged in a number of discussions in which Plaintiff's counsel indicated that the discovery would be forthcoming. It was not, and Plaintiff produced nothing until December of 2020, after this motion was filed.[2] Even then, Defendant indicated at oral argument that the responses it did receive were incomplete or inadequate. Plaintiff has not yet been deposed, and discovery closes on January 22, 2021.

## II. LEGAL PRINCIPLES

### A. Rule 41

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

In exercising discretion to dismiss for failure to prosecute under Rule 41(b), the court considers four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3)

---

Cir.1995) (rejecting argument that magistrate judge ruled on dispositive motion because litigant sought entry of a default judgment and explaining that "[e]ven though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction," then the order is treated as not dispositive under Rule 72(a)). *But see United States v. Stone*, 2006 WL 2077579, at *2 (W.D. Mich. July 24, 2006) ("*Vogel's* functional analysis gauges the potential effect on the litigation, as opposed to what actually transpired.").

[2] Plaintiff did not file a response to this motion.

-2-

whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir.2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)). *See also Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir.2001).

### B. Rule 37

Fed.R.Civ.P. 37(a)(5) provides as follows when a motion to compel discovery is granted:

> **(5) Payment of Expenses; Protective Orders**.
>
> **(A)** If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

## III. DISCUSSION

### A. Rule 41

The application of the first *Knoll* factor–willfulness or bad faith–is a close question. Defendant served its discovery requests in February of 2020, and despite several conferences between counsel and unfulfilled promises, none of the discovery was produced until December, after this motion was filed. At argument, Plaintiff's counsel cited, among other things, delays occasioned by the COVID pandemic. But while there is

no doubt that the public health crisis has presented challenges, it cannot excuse 10 months of delays. I do note, however, that however untimely, Plaintiff has at least partially complied with the discovery requests. So while the failure to timely produce the discovery may be ascribed to negligence and lack of attention to the case, I am reluctant to find willfuness or bad faith.

But regardless, the other three *Knoll* factors weigh against involuntary dismissal under Rule 41. While delays in obtaining discovery always result in some degree of prejudice, an extension of Defendant's discovery will cure any prejudice in this case, and will allow the case to move forward. In addition, Plaintiff has not been previously warned that failure to cooperate could lead to dismissal, nor have lesser sanctions been imposed.

Therefore, I will not recommend dismissal, but will instead grant Defendant's alternative request to compel discovery.

### B. Rule 37

Discovery is overdue, and Plaintiff offers no basis for not complying with Defendant's requests. And because Plaintiff did not serve any timely responses or objections, all objections, except those based on privilege, are waived. "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objection.'" *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001), quoting *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.1992). *See also Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F.Supp. 232, 261 (D.Del.1992) (collecting cases).

Therefore, Defendant's motion to compel [ECF No. 16] is GRANTED, as follows:

(1) Plaintiff will serve complete responses to Defendant's First Request for Production of Documents and Interrogatories within 21 days of the date of this Order.

Counsel for the parties will meet, confer, and resolve any questions regarding the adequacy of Plaintiff's discovery responses.

(2) Discovery is extended for the Defendant for 60 days, to March 23, 2021. The discovery cut-off date for Plaintiff remains January 22, 2021.

(3) Plaintiff will be deposed within 60 days.

(4) Pursuant to Fed.R.Civ.P. 37(a)(5), Plaintiff is sanctioned in the amount of $1,500.00, representing Defendant's reasonable expenses in bringing this motion, including attorney fees. Plaintiff and Plaintiff's attorney are jointly and severably liable for this sanction, which shall be paid by March 23, 2021.

Plaintiff's failure to comply with this order, or with any other discovery obligation, will result in further sanctions, which may include dismissal of the complaint.

IT IS SO ORDERED.

s/R. Steven Whalen
R. Steven Whalen
United States Magistrate Judge

Dated: January 5, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 5, 2021 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager